# JONATHAN D. DAVIS, P.C.

ATTORNEYS AT LAW

1 ROCKEFELLER PLAZA
SUITE 1712
NEW YORK, NEW YORK 10020

TEL: (212) 687-5464
FAX: (212) 697-2521
WWW.JDDAVISPC.COM

October 12, 2023

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

      Re: *Plaid Takeover, LLC et al. v. Owens*, No. 23-cv-3014 (DLC) (BCM)

Dear Judge Cote:

      We are counsel to Defendant Kim Lamont Owens p/k/a KEM in connection with the above-referenced action.

      We submit this letter with respect to the Court's decision last week concerning Defendant's partial motion to dismiss the Amended Complaint. Out of an abundance of caution, we seek a stay of the deadline for any motion by Defendant for costs under Section 505 of the U.S. Copyright Act. Plaintiffs do not consent to the requested relief, claiming that the application is premature because no judgment has been entered.

      On October 6, 2023, the Court issued an Opinion and Order ("Order") granting, in part, Defendant's partial motion to dismiss the Amended Complaint. Order [Dkt. No. 38] at 2. While allowing the contract-based claims to continue, the Court held that "GIMG's claims for direct and vicarious copyright infringement, unjust enrichment, and breach of license, along with related claims for declaratory judgment and injunctive relief, are dismissed." *Id.* at 25.

      Because KEM is the "prevailing party" on the copyright and related claims, under Section 505 of the Copyright Act, Defendant may move for "a reasonable attorney's fee … as part of the costs." 17 U.S.C. § 505. The deadline for Defendant's motion is "14 days after the *entry of judgment*." *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added).

      Our understanding is that the 14-day period under Fed. R. Civ. P. 54(d) has not begun to run because the Court has not entered a judgment. *See* Fed. R. Civ. P. 54(b); 58. Nevertheless, for the reasons stated below, Defendant seeks an order staying the deadline for any motion for costs until the exhaustion of all appeals.

The Honorable Denise L. Cote
October 12, 2023
Page 2

      Defendant's request for a stay will preserve judicial economy and party resources. Plaintiffs may move for certification of the partial dismissal under Rule 54(b) to seek an interlocutory appeal, or may file an appeal after the entry of a final judgment in the action. In either instance, it will create additional costs, including attorney's fees, which will be incurred in opposing such appeal, and which are recoverable under Section 505, necessitating a second motion.

      Furthermore, the parties are scheduled to appear for a settlement conference on Wednesday, October 25, 2023, before Magistrate Judge Barbara C. Moses. Last week, Defendant received a settlement offer from Plaintiffs. Defendant will respond to that offer with a counteroffer before October 16. Thus, staying any Section 505 motion until the conclusion of the action may allow the parties to resolve the fee issue (and other issues) without having to file any motion.

      For these reasons, Defendant respectfully requests that the Court stay the deadline to file any motion for Section 505 costs until the longer of: (a) 30 days after the expiration of Plaintiffs' right to file a notice of appeal; or (b) 30 days after the Court of Appeals issues a final decision in this action and the time to pursue any further appeals expires.

      Defendant's requested relief will not affect any other scheduled dates. This letter is Defendant's first request for a stay.

Respectfully submitted,

/s/Jonathan D. Davis

Jonathan D. Davis

JDD:hs

cc: Hillel Parness, Esq. (via ECF)

*[Handwritten note:]* The defendant's motion pursuant to §505 is stayed until 14 days after entry of judgment in this action by this Court.

*/s/ Denise Cote*
10/12/23